THOS. McILVOY *v.* W. E. SELECMAN.

**Appeal—Trial de Novo.**

An appeal to the circuit court from an election contest board must be tried de novo, and it is not required that the appeal be taken to the circuit court by bill of evidence and bill of exceptions, as no such method of appeal from such a board is prescribed by law.

APPEAL FROM WASHINGTON CIRCUIT COURT.

March 13, 1873.

OPINION BY JUDGE PETERS:

The parties to this controversy were, in 1870, opposing candidates for the office of attorney for the county of Washington. The board for examining the poll books for the county after the election gave the certificate of election to appellee.

Thereupon appellant contested the election and the board fixed by law for determining the contest, after an elaborate in-

vestigation of the merits of the contest, concurred with the examining board and awarded the certificate to appellee.

Appellant, feeling himself aggrieved by the last decision, appealed to the circuit court. And appellee moved that court to dismiss the appeal on the grounds:

First. That appellant had failed to file in court an authentic copy of the record of the proceedings before the contesting board.

Second. That no bill of exceptions was prepared or signed, or note of record made by said contesting board, although much proof, both oral and written, was heard on the trial before said board.

Third. That the appeal was not taken in manner and form required by law.

The motion was sustained and the appeal dismissed, and of that ruling appellant now complains.

The first question to be determined is, was the appeal properly dismissed?

An act of the legislature, entitled an act to amend Sec. 4, Article 7, Chapter 32, of the Revised Statutes, approved March 21, 1870, reads as follows:

"Section 1. That Sec. 4 and its subsections, Article 7, Chapter 32, of the Revised Statutes, be so amended that any person in interest, feeling himself aggrieved by the decision of the board whose duty it is to decide contested elections under said section 4, shall have the right to appeal from the decision of said board to the Circuit Court of the county in which said contestant resides, and from thence to the Court of Appeals."

This act took effect from its passage (1 Sess. Acts 138).

Section 4 and subsections, Article 7, Chapter 32 of the Revised Statutes, to which the foreging act is an amendment, provides who shall constitute the board for determining a contested election of officers elected by the voters of a county, how such board shall be organized, the mode of procedure, and its duties. Subsection 2 provides that the decision of the board shall be given in writing and signed in triplicate, one copy to be entered on the minutes of the court, another handed to the successful party, and the other, when necessary for obtaining a commission, forwarded by mail to the secretary of state.

The amendatory act quoted secures to a party interested an appeal to the Circuit Court without prescribing the mode of trial

in that court, and whether such appeals are to be tried *de novo,* or, as appeals are tried in this court, must be determined by the analogies of the law.

If the case is to be tried in the Circuit Court, as strictly an appellate tribunal, then it must be tried on a bill of evidence and a bill of exceptions, containing all the evidence heard on the trial before the board of triers, the legal question then decided and exceptions properly taken to the rulings on the questions there and signed and certified. This board is not a court of record. We have no statute prescribing how bills of exceptions shall be made out, signed and certified by said board so as to give them verity, and such tribunals were unknown to the common law. There is, then, no mode known by which the case can be made up and prepared for the Circuit Court, as appeals are tried in this court. Therefore, from the necessity of the case, the appeal in the circuit court must be tried *de novo.*

It results that the court below erred in sustaining appellee's motion and in dimissing the appeal. Wherefore, the judgment is *reversed* and the cause is remanded for further proceedings consistent herewith.

The chief justice not sitting.

*Knott, McElroy, for appellant.*

*McKay, Bush, for appellee.*